UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION | ) ) ) ) | Case No. 09 C 7666 MDL No. 2109<br><br>Judge Joan B. Gottschall |

## ORDER

By order dated December 2, 2009, the Judicial Panel on Multidistrict Litigation (the "JPML") has transferred to this court the civil actions listed in Schedule A attached to the MDL transfer order. These cases merit special attention as complex litigation. The court enters the following order:

**1. Applicability of order.** This order shall govern the practice and procedure in the actions that the JPML transferred to the court by its order dated December 2, 2008, which are listed in Schedule A to this order. This order also applies to all related cases filed in the Northern District of Illinois, including Case Numbers 09 C 5130, 09 C 5638, 09 C 5671, 09 C 6009, 09 C 8012, 09 C 6360, 09 C 6572, 09 C 6589, 09 C 6862, 09 C 6996, 09 C 8012. It will also apply to any "tag-along" actions later filed in, removed to, or transferred to this court.

**2. Consolidation of actions.** The actions listed in Schedule A and the Northern District of Illinois cases referenced in paragraph 1 are consolidated for pretrial purposes. Any "tag-along" actions later filed in, removed to, or transferred to this court will be consolidated automatically with this action, without the need for a motion or entry of an order by the court. This consolidation does not constitute a determination that the actions should be consolidated for trial, and it does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named as a party.

**3. Filing.** The Clerk is maintaining a master case file under the heading "In re Plasma-Derivative Protein Therapies Antitrust Litigation," Case Number 09 C 7666. All filings with the Clerk should be made under that caption and case number. When a party intends that something it is filing applies to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption. When a party intends that something it is filing applies only to some of the consolidated actions, the party making the filing should file it both under Case Number 09 C 7666 and under the individual case number assigned to the particular case. Such a filing should specify "This Document Relates to [*fill in case number*]" in or just after the case caption.

**4. Service List.** This order is being served upon the counsel whose appearances are listed on the docket of Case Number 09 C 7666 as of the date the order is docketed. That list of counsel, to the best of the court's knowledge, was prepared from the list of counsel making appearances before the JPML. Counsel who receive this order via notice of electronic filing are requested to forward a copy of the order to any other attorneys who filed appearances in cases that have been transferred to this court. Any counsel who represents one or more parties in cases transferred to this court who does not currently appear of record in Case Number 09 C 7666 should contact Judge Gottschall's courtroom deputy clerk, Rhonda Johnson (312-435-5641), *no earlier than January 26, 2010*, for instructions on how to ensure that counsel receives notice in the future.

**5. Extension and stay.** All defendants are granted an extension of time for responding to the complaint until a date to be set by this court at the initial conference. Pending the initial conference and further order of this court, all outstanding discovery is

stayed, and no further discovery may be initiated. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent. All pending motions that predate transfer of any action are hereby terminated and must be refiled in this court and noticed for presentment on dates to be set following the initial conference.

**6. Initial Conference.** An initial conference will be held on February 17, 2010 at 2:00 p.m. in Judge Joan B. Gottschall's courtroom, Room 2325, 219 South Dearborn Street, Chicago, Illinois.

**a. Attendance.** To minimize unnecessary expense and facilitate a manageable conference, however, the court is not requiring attorneys for each named plaintiff to attend. Plaintiffs with similar interests may agree, to the extent practicable, on an attorney who may act on their joint behalf at the conference. By designating another party's attorney to represent its interests at the conference, a party will not be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

**b. Other participants.** Persons and entities who are not named as parties in this litigation but who may later be joined as parties, or who are parties in related litigation pending in other federal and state courts, are invited to attend the conference in person or by counsel.

**c. Purposes of conference.** The conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f) and will be subject to the sanctions prescribed in Rule 16(f). The subjects to be addressed at the initial conference include the following:

- entry of an order directing preservation of evidence. (The court directs the parties to consider the sample preservation order in David F. Herr, <u>Annotated Manual for Complex Litigation</u> § 40.25 (4th ed. 2009) as a model.);

- a deadline for the defendants to respond to the complaint;

- a deadline for the parties to make disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A);

- a deadline for the filing of any motion for class certification;

- a deadline for amendments to the pleadings and joinder of additional parties;

- the possibility of settlement and the status of any ongoing discussions regarding settlement;

- the appointment of a liaison counsel and a steering committee for the plaintiffs; and

- any other topics considered appropriate for discussion by any party.

      Before the conference, counsel are directed to confer and seek consensus to the extent possible regarding these items, including the terms of a proposed order directing preservation of evidence. Until the parties reach agreement on a preservation plan or the court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel are under an obligation to the court to exercise reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this

directive. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition, and to be prepared to propose procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation. The court does not intend to set a schedule for the completion of discovery at the initial conference.

**7. Initial status report.** On or before February 10, 2010, the parties are to submit to Judge Gottschall's chambers a status report addressing the following points:

- the party's preliminary understanding of the claims asserted in the case;

- the likelihood and general subjects of any pre-answer motions that any party anticipates filing (not including requests for extensions of time);

- any objections to the setting of a date for initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1); and

- a list (by title, court name, and case number) of all related cases pending in state or federal court, and a brief description of the status of each such case.

These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings. These reports will be limited to a single such report for all plaintiffs and a single such report for all defendants.

**8. Federal Rule of Civil Procedure 7.1.** All parties subject to the requirements of Federal Rule of Civil Procedure 7.1 are directed to make their disclosures required by that Rule on or before February 3, 2010, by a filing that complies with the requirements of Paragraph 3 of this order.

**9. Orders entered by transferor courts.**  The court hereby vacates all orders entered by transferor courts imposing dates for pleading or discovery.

**10. Liaison counsel.**  Prior to the initial conference, counsel for the plaintiffs and counsel for the defendants shall confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group, who will be charged with essentially administrative matters.  The expenses incurred in performing these services shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the court if the parties cannot reach agreement.  At the initial conference, liaison counsel and the parties should be prepared to discuss any additional needs for an organizational structure.

**11. Plaintiffs' steering committee.**  The court intends to appoint a plaintiffs' steering committee (PSC) to conduct and coordinate the discovery stage of this litigation with the representatives for the defendants.  Applications and nominations for PSC positions must be filed under Case Number 09 C 7666 by no later than February 9, 2010.  The primary criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation.  Applications and nominations should address succinctly these criteria and any other relevant matters.  No such submission may exceed three pages.  The court will consider only attorneys who have filed an action that is part of this case.  Any objections to any application or nomination must be filed by no later than February 15, 2010 and are likewise limited to three pages.  The PSC will have the following responsibilities, in addition to any others the court may impose later:

Discovery

- Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions consolidated as part of the multidistrict litigation.

- Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

- Cause discovery requests, discovery motions, and subpoenas to be issued in the name of all plaintiffs or in the name of individual plaintiffs or groups of plaintiffs.

- Coordinate the conduct of discovery in a consolidated manner on behalf and for the benefit of all plaintiffs.  No attorney for a plaintiff will be excluded from attending the examination of witnesses and other proceedings.  Attorneys may suggest questions to be posed to deponents through the designated PSC members.

Hearings and Meetings

- Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the court.

- Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

- Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

- Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject to the right of any

individual plaintiff's counsel to present non-repetitive individual or different positions.

Miscellaneous

- Submit and argue any oral or written motions presented to the court on behalf of the PSC, and oppose when necessary any motions submitted by the defendants or others involving matters within the responsibilities of the PSC.

- Negotiate and enter into stipulations with the defendants regarding this litigation, subject to approval by the court.

- Explore, develop, and pursue all settlement options pertaining to any claim or portion of a claim that is a part of this litigation.

- Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

- Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel, who will promptly distribute copies to the other plaintiffs' attorneys.

- Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the court's orders.

- Perform such other functions as may be expressly authorized by further orders of this court.

- Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the court after notice to all counsel and a hearing.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 13, 2010

9

- Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the court after notice to all counsel and a hearing.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 13, 2010