## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE PLASMA-DERIVATIVE PROTEIN
THERAPIES ANTITRUST LITIGATION

Master Docket No. 09 C 7666
MDL No. 2109

This Document Relates To:
All Direct Purchaser Actions

## FREEBORN & PETERS LLP'S NOMINATION OF
## COHEN MILSTEIN SELLERS & TOLL PLLC
## FOR PLAINTIFFS' STEERING COMMITTEE

Dated:  February 9, 2010

Deborah H. Bornstein
David C. Gustman
Jeffery M. Cross
FREEBORN & PETERS LLP
311 S. Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000

Freeborn & Peters LLP is one of the counsel—along with Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein")—representing plaintiff University of Utah[1] in this consolidated multi-district litigation. Pursuant to Paragraph 11 of the Court's January 13, 2010 Order (Dkt. No. 12), Freeborn & Peters nominates Cohen Milstein for a position on Plaintiffs' Steering Committee because of (1) their exemplary work in advancing the proposed class' claims, (2) their proven ability to work cooperatively with other counsel in this case, and (3) their track record of working effectively with co-counsel, including the undersigned, in similar cases.

## I.   Cohen Milstein has effectively advanced the proposed class' claims.

Cohen Milstein has vigorously investigated the facts and theory of this case to advance the proposed class' interests. Indeed, the complaints that Cohen Milstein has filed in this litigation (on behalf of the University of Utah and Pemiscot Memorial Hospital) describe various specific meetings conducted, statements made, and actions taken in furtherance of the conspiracy, including, for example:

- the June 1999 meeting that spurred development of the data monitoring system that would be used to police the conspiracy, Pemiscot Am. Compl. ¶¶ 55-66; Utah Compl. ¶¶ 55-66.

- the Plasma Protein Therapeutics Association president's 2001 admission that "we had a discussion today about inventories" and "I just want to make you aware that we are at the edge [of] what we can do from a legal point of view," Pemiscot Am. Compl. ¶ 72; Utah Compl. ¶ 72.

- the September 2002 launch of the data monitoring system, coined the "light system," Pemiscot Am. Compl. ¶¶ 73-75; Utah Compl. ¶¶ 73-75.

- CSL's reference to the industry oversupply dilemma as the "OPEC problem," and its statement that "[w]henever capacity is greater than profit maximizing output levels, there is a danger that a firm will 'break ranks' and chase market share," Pemiscot Am. Compl. ¶ 87; Utah Compl. ¶ 87.

---

[1] *University of Utah v. CSL Limited, et al.*, No. 09-7855 (N.D. Ill.).

- statements made by the PPTA's president at an August 2004 meeting that advocated and signaled supply control to manufacturers, Pemiscot Am. Compl. ¶¶ 101-11; Utah Compl. ¶¶ 101-11.

- a CSL executive's suggestion at a Boston meeting attended by defendants and other manufacturers that they collectively determine the precise amount of supply each manufacturer should produce to achieve the greatest profits, Pemiscot Am. Compl. ¶ 113; Utah Compl. ¶ 113.

- concerns expressed by non-defendant manufacturers that defendants overstepped the bounds of the antitrust laws by discussing supply and pricing during PPTA and other industry meetings, Pemiscot Am. Compl. ¶ 118; Utah Compl. ¶ 118.

- CSL's Chief Economist's remark that "economics can help [us] understand how to loosen the shackles of competition," Pemiscot Am. Compl. ¶ 156; Utah Compl. ¶ 156, and

- CSL and Baxter's exploration of ways to punish firms that dared to "'break ranks' and chase market share," Pemiscot Am. Compl. ¶ 161; Utah Compl. ¶ 161.

These important factual allegations will advance the proposed class' claims and help defeat any Rule 12(b)(6) motion to dismiss that defendants may file, but they are not contained in any of the other complaints in these consolidated cases. Furthermore, the complaints filed by Cohen Milstein are the only ones to name the Plasma Protein Therapeutics Association as a defendant and to extend the class period back to July 2003.

These substantive contributions resulting from Cohen Milstein's extensive investigation on behalf of the proposed class support the appointment of Cohen Milstein to Plaintiffs' Steering Committee. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

## II. Cohen Milstein is working cooperatively with other counsel in this case.

Cohen Milstein also has already begun to work cooperatively and effectively with other counsel in this case, and undoubtedly will continue to do so. For example, Cohen Milstein has worked cooperatively with counsel for plaintiffs and defendants alike in

organizing plaintiffs' positions on a document preservation order and a schedule, and by meeting and conferring with other counsel regarding the same. Cohen Milstein has taken a leading yet cooperative role in preparing plaintiffs' joint status report. Even at this early stage of the litigation, Cohen Milstein's valuable participation demonstrates that they are committed to working cooperatively with all counsel and further supports their appointment to Plaintiffs' Steering Committee.

**III.    Cohen Milstein has worked effectively with co-counsel in similar cases.**

It is not surprising that Cohen Milstein has worked cooperatively with other counsel in this case. Counsel at Freeborn & Peters has prior first-hand experience litigating other large, complex antitrust class actions as co-counsel with Cohen Milstein. In particular, Deborah Bornstein served in a leadership role for plaintiffs in a nationwide class action filed on behalf of resident physicians alleging conspiracy to suppress resident physicians' wages.[2] Several of the Cohen Milstein lawyers involved in this case served as co-counsel to plaintiffs in that case.[3] The Cohen Milstein lawyers were collegial, competent and diligent throughout. Freeborn & Peters has no doubt that the firm will bring the same qualities to bear here.

In conclusion, Cohen Milstein has occupied a unique and prominent role in this litigation to date, and this role plainly has benefited the proposed class. Cohen Milstein has taken a leading role in investigating and prosecuting the proposed class' claims, and has worked cooperatively with the other firms involved in this case. Accordingly, Freeborn & Peters respectfully nominates Cohen Milstein for Plaintiffs' Steering Committee.

---

[2]    *Jung v. Association of American Medical Colleges, et al.*, No. 1:02cv00873 (D.D.C.).
[3]    Richard A. Koffman and Christopher J. Cormier.

Respectfully submitted,

Dated: February 9, 2010

_/s/   Deborah H. Bornstein_
Deborah Bornstein (312-360-6583)
    Illinois ARDC #3128329

David C. Gustman (312-360-6515)
    Illinois ARDC #3124377

Jeffery M. Cross (312-360-6430)
    Illinois ARDC #0547980

FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone:  (312) 360-6000
Facsimile:  (312) 360-6571
E-mail: dbornstein@freebornpeters.com
        dgustman@freebornpeters.com
        jcross@freebornpeters.com

*Counsel for Plaintiff University of Utah*

2007049

4