UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION | Case No. 09 C 7666 |
| | MDL No. 2109 |
| THIS DOCUMENT RELATES TO:<br>All Actions | Honorable Joan B. Gottschall |

**APPLICATION OF HAVILAND HUGHES, LLC
TO SERVE ON PLAINTIFFS' STEERING COMMITTEE**

Pursuant to the Court's January 13, 2010 Order, counsel for plaintiff, Solaris Health Systems, Inc. ("Solaris"), Haviland Hughes, LLC ("HH" or the "Firm"), respectfully applies for a position on the plaintiffs' steering committee ("PSC") being appointed by the Court. In July 2009, HH was contacted by the lawyers at Cohen Milstein (who filed the first case in the country on behalf of Pemiscot), to see if any of their existing clients were similarly affected by the conspiracy alleged against Baxter International ("Baxter") and CSL Behring LLC ("CSL").[1] As it turned out, Solaris – perhaps the largest single plaintiff in this MDL with millions of dollars in blood plasma product purchases[2] – was harmed. Solaris filed the second case in the country and immediately began to coordinate its litigation effort with Pemiscot and others.[3] As set forth below, HH has by far the most significant litigation experience against Baxter and CSL, which should ensure streamlined and efficient discovery management by the PSC in this case.

**1. Professional experience in this type of litigation:** Lawyers at HH have represented individuals, businesses, and governmental entities for decades in complex commercial, antitrust, and class action matters. Through such representation, HH lawyers have developed novel legal theories and proofs[4], and have zealously advanced the rights of clients, leading to broader

---

[1] Lawyers at HH have had a longstanding relationship with lawyers at Cohen Milstein, including working together on many of the antitrust cases cited herein. *See infra*. n. 4. Recently, Cohen Milstein supported HH's appointment as one of the Interim Co-Lead Counsel (with designated authority to address specific issues concerning a defendant prosecuted by the New York Attorney General) in the antitrust case of *In re Wellpoint, Inc. Out-Of-Network "UCR" Rates Litig.*, MDL No. 2074 (C.D.Cal.)("*Wellpoint*"), and HH supports Cohen Milstein's application for the PSC here. *See Wellpoint* CMO at Ex. "A" hereto.

[2] Were this a securities case, this Court would have no difficulty finding that Solaris satisfied the requisites for appointment as a Lead Plaintiff. *See Craig v. Sears Roebuck & Co.*, 253 F.Supp.2d. 1046, 1047-1048 (N.D.Ill. 2003)("Under the PSLRA, presumptively, the lead plaintiff shall be the party with the largest financial interest in the relief sought by the class...".)

[3] Solaris' counsel notified Wolf Haldenstein about the litigation, which led the firm to file several cases on behalf of members of the Iowa health system. Wolf Haldenstein agreed to support the appointment of Solaris' counsel to an executive-level position in this case.

[4] Examples of such "novel theories and proofs" include: *In re Travel Agency Commission Antitrust Litigation*, Master File No. 4-95-107 (D. Minn.)(wherein Mr. Haviland, serving as

avenues of legal recourse for injured parties throughout the United States.

The Firm was co-founded by Donald E. Haviland, Jr.[5] and Robert G. Hughes to serve the diverse interests of the Firm's clients.  By its continuing representation of the Commonwealth of Pennsylvania, through its Attorney General, the Firm has obtained invaluable experience in litigating complex antitrust claims involving prescription drugs, including those at issue here.

Beginning in 2002, Mr. Haviland represented Pennsylvania in *In re K-Dur 20 Antitrust Litigation*, MDL No. 1419 (D.N.J.), antitrust litigation involving sales of prescription potassium chloride supplements.  He was appointed by the MDL Court to fulfill a unique function – serving as the Court-appointed "Coordinating Counsel for the Non-Class Governmental Purchasers".  *See* Orders Ex. "E" hereto.[6]  In that capacity, Mr. Haviland served as liaison counsel to the 50 State Attorneys General, monitoring and protecting their interests in the action.  While the indirect class action cases largely failed, Mr. Haviland successfully litigated and settled the government's case against the 3 defendant drug companies.

In 2004, Mr. Haviland filed a civil conspiracy case on behalf of Pennsylvania against

---

Discovery Co-Chair for his firm in a case led by Cohen Milstein and Heins Mills & Olsen, devised an antitrust "plus factor" matrix of direct telephonic communications among leading executives of 7 major airline carriers which became a focal point of trial and a catalyst for settlement); *Shaw, et al. v. Dallas Cowboys Football Club, Ltd., et. al.*, No. 97-5184 (E.D. Pa.)(wherein Mr. Haviland, serving as Co-Lead Counsel for his firm in a case where Cohen Milstein and Heins Mills & Olsen served as PSC members, successfully challenged the antitrust exemption of the NFL under the Sports Broadcasting Act of 1961 when sports leagues look to sell broadcast rights through the medium of satellite television).  *See Shaw*, 1998 WL 419765 (E.D.Pa. 1998), *aff'd*, 172 F.3d 299 (3rd Cir. 1999)(cited with approval in the Petition for a Writ of Certiorari and current briefing before the United States Supreme Court in the pending case of *American Needle, Inc. v. National Football League, et. al.*, No. 08-661 (Sup.Ct.)(2008 WL 4948434 at *11; 2009 WL 4748554)(Exs. "B", "C" and "D" hereto, respectively).

[5] In January 2010, as in the prior years 2009, 2006, 2005 and 2004, Law & Politics and the publishers of Philadelphia Magazine named Mr. Haviland a Pennsylvania Super Lawyer.  Super Lawyers are the top 5 % of attorneys in Pennsylvania, as chosen by their peers and through the independent research of Law & Politics.  *See* www.superlawyers.com

[6] Mr. Haviland served on the *KDur* PSC with lawyers from Cohen Milstein and Spector, Roseman & Kodroff (counsel for Detroit Medical Center in this MDL).  *See* Ex. "E" hereto.

dozens of drug companies, including Baxter and CSL's predecessors, Aventis Behring and Centeon, who are alleged to have conspired to fix the average wholesale prices (AWPs) of their prescription drugs, including the blood plasma products at issue in this MDL.  *See, e.g., Com. of Pa. v. TAP Pharmaceutical Prods, Inc., et. al.*, 885 A.2d 1127 (Pa. Cmmwlth 2005)*("PA AWP action"*)(Ex. "F" hereto).  Also in 2004, Mr. Haviland helped to form a coalition of the dozens of firms litigating State Attorney General AWP cases around the country.[7] HH then successfully challenged defendants' claims of confidentiality for discovery documents older than 5 years, thereby making them available in discovery in this case.  *See* Ex. "G" hereto.  In December of last year, HH settled with Baxter and other drug companies represented by Kirkland & Ellis (defense counsel for Baxter here) for over $18 million.  *See* Ex. "H".

Currently, HH serves as specially-designated Interim Co-Lead Counsel in the *Wellpoint* antitrust case, MDL 2074, and has pending appointments as a PSC member in 2 ongoing federal multi-district cases, MDL 2078 (C.D.Cal.) and MDL 1857 (D.N.J.).  *See* Exs. "I" and "J".

2.      **Willingness and availability to commit to a time-consuming project:** HH is a boutique law firm based in Philadelphia, Pennsylvania, with five full-time and two part-time attorneys.  Unlike other firms, HH manages only select cases each year to make available the full Firm's resources for each case.  Having just settled with Baxter in the *PA AWP action*, and proceeding against CSL toward a June 30, 2010 discovery cutoff and Fall 2010 trial, HH is well-positioned to bring its litigation experience against Baxter and CSL to this case to ensure judicial economy and efficiency by the PSC and all plaintiffs' counsel.

3.      **Ability to work cooperatively with others:** As set forth herein, HH has worked closely with nearly all of the other, anticipated applicant firms in similar matters, and is confident the cooperative work already begun to resolve discovery issues can and will be continued.

---

[7]This coalition now includes Kirby McInerney LLP (a firm in this MDL with whom HH has a terrific working relationship), as well as the Department of Justice (litigating several unsealed *qui tam* cases as part of MDL 1456), and conducts coordinated discovery in all AWP cases pending around the country, including the one brought by the Illinois Attorney General.

Dated: February 9, 2010                     Respectively submitted,


                                                            /s/ Robert G Hughes
Robert G. Hughes, Esquire*
Donald E. Haviland, Jr., Esquire
Michael P. Donohue, Esquire*
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East,
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106
Telephone: 215-609-4661
Facsimile: 215-392-4400
Hughes@havilandhughes.com
Haviland@havilandhughes.com
Donohue@havilandhughes.com
Lorusso@havilandhughes.com

Barry R. Eichen, Esquire
William O. Crutchlow, Esquire
Christian R. Mastondrea, Esquire
**EICHEN CRUTCHLOW & MCELROY**
40 Ethel Road
Edison, New Jersey 08817
Telephone: 732-777-0100
Facsimile: 732-248-8273
Beichen@eichenlevinson.com
Wcrutchlow@eichenlevinson.com
Cmastondrea@eichenlevinson.com
(*pro hac vice application pending)

Counsel for Solaris Health Systems, Inc.
and the Class

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

      I, Robert G. Hughes, Esquire, one of the attorneys for the plaintiff, Solaris Health Systems, Inc., hereby certify that on February 9, 2010 service of the foregoing *Application of Haviland Hughes, LLC to Serve on Plaintiffs' Steering Committee* was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Robert G. Hughes
Robert G. Hughes, Esq.