Case 2:09-cv-06079-PSG-CT Document 96-1 Filed 02/09/10 Page 1 of 8
Case 2:09-cv-03666 Document 101 Filed 10/30/09 Page 1 of 8
E-FILED 10-30-09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLPOINT, INC. OUT-OF-NETWORK "UCR" RATES LITIGATION<br><br>Consolidated Cases:<br>CV 09-1886-PSG (CTx)<br>CV 09-2039-PSG (CTx)<br>CV 09-2488-PSG (CTx)<br>CV 09-4223-PSG (CTx)<br>CV 09-4510-PSG (CTx)<br>CV 09-4783-PSG (CTx)<br>CV 09-5863-PSG (CTx)<br>CV 09-6079-PSG (CTx)<br>CV 09-6725-PSG (CTx)<br>CV 09-6726-PSG (CTx) | Master Consolidated Case File No.<br>2:09-ml-02074<br><br>The Hon. Philip S. Gutierrez<br>Courtroom 790 – Roybal<br><br>[PROPOSED] CASE MANAGEMENT ORDER GOVERNING MDL PROCEEDINGS |

[PROPOSED] CASE MANAGEMENT ORDER
GOVERNING MDL PROCEEDINGS

1

## I. ORGANIZATION

This Case Management Order shall apply to the above-captioned cases and any future cases that are subsequently filed before this Court or transferred to this Court. A single consolidated complaint shall be filed to govern all of the above-captioned cases.

## II. MASTER DOCKET AND FILE

1. Captions: All orders, pleadings, motions, and other documents filed in these proceedings shall bear the caption contained in this Order. The following is a sample of the pleading style:

| IN RE WELLPOINT, INC. OUT-OF-NETWORK "UCR" RATES LITIGATION | Master Consolidated Case File No. 2:09-ml-02074 |
|---|---|
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | |

2. Documents generally applicable to all actions shall include in their caption "THIS DOCUMENT RELATES TO ALL ACTIONS." Documents intended to apply to fewer than all cases will indicate in their caption the case number of the case(s) to which they apply immediately after the words "This Document Relates To."

3. Local Rules: Unless otherwise specified, the Local Rules, Judge Guiterrez's Standing Order and General Order 07-08 shall apply to these cases.

## III. ORGANIZATION OF PLAINTIFFS' COUNSEL

Plaintiffs note that the extensive number of Plaintiffs' Counsel (currently 63 lawyers affiliated with 30 law firms, and these numbers are certain to grow as the litigation proceeds) necessitates a Plaintiffs' leadership structure. The organizational structure will assist the Court in the management of the various

interests represented and will allow all lawyers to have access to the Court in an orderly and efficient manner. At the request of Plaintiffs, the Court appoints Scott+Scott LLP, Lexington Law Group LLP, and Seeger Weiss, LLP as Interim Co-Lead Counsel for the Subscriber Class; and Whatley, Drake & Kallas, LLC, Pomerantz Haudek Grossman & Gross LLP and Kiesel Boucher Larson LLP as Interim Co-Lead Counsel for the Provider Class. At the request of Plaintiffs, the Court appoints Bonnett, Fairbourn, Friedman & Balint, PC to serve as Designated Counsel for issues relating to non-Physician and Non-Dental Providers, and Haviland Hughes, LLC, to serve as Designated Counsel for issues relating to Empire Blue Cross Blue Shield, a subsidiary of WellPoint. Notwithstanding the foregoing, absent agreement of all parties or order of the Court, neither Designated Counsel nor other plaintiffs' counsel shall have the authority to engage in any discovery or other pre-trial proceedings separate and apart from the joint, coordinated discovery and pretrial proceedings detailed in Section III.A below. Designated Counsel will work with Interim Co-Lead Counsel to coordinate joint discovery and pretrial proceedings. The appointment of Interim Co-Lead Counsel and Designated Counsel shall have no relevance to or be cited in connection with issues relating to whether any particular class or subclass of plaintiffs should be certified in this matter.

### A. Duties of Lead Counsel

Plaintiffs' Interim Co-Lead Counsel shall be generally responsible for coordinating the activities of Plaintiffs with respect to each Defendant during pretrial proceedings and in preparing for trial and more specifically shall jointly:

1. determine the position of the Plaintiffs on all matters during pretrial proceedings and present them to the Court where appropriate;
2. coordinate discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b), including the preparation of

[PROPOSED] CASE MANAGEMENT ORDER GOVERNING MDL PROCEEDINGS

       joint interrogatories, joint requests for production of documents, and joint examination of witnesses in depositions;

3. conduct settlement negotiations on behalf of Plaintiffs and the classes they seek to represent;

4. designate other firms of attorneys as necessary for: the orderly and efficient prosecution of the action and avoidance of duplicative or unproductive efforts; to consult and advise on strategy; and coordinate such matters as fact and expert discovery, dispositive motions and the motion for class certification;

5. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. prepare and distribute periodic status reports to the parties;

7. maintain detailed time and reimbursement records;

8. monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

9. establish and maintain a document depository to be accessible to all Plaintiffs' counsel; and

10. perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or may be authorized by further Order of the Court

### B. Privileges Preserved

No communication among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

### IV. DISCOVERY AND MOTION PRACTICE

1. Absent agreement of the parties or order of the Court for good cause shown, no party shall be subjected to duplicative discovery in the cases

covered by this Order.

2. No discovery of electronic documents shall be provided to any party in the cases covered by this Order until an Electronic Data Protocol ("EDP") is agreed upon by all parties or entered by the Court. The parties have met and conferred and intend to submit shortly an EDP for these cases.

3. No discovery of confidential information shall be provided to any party in the cases covered by this Order until a Confidentiality Order is entered by the Court. The parties have met and conferred and will submit a Proposed Confidentiality Order intended to govern these cases.

4. Absent agreement of the parties or order of the Court for good cause shown, a Witness (which includes, without limitation, any party, third party, expert or any person testifying as a corporate representative under Rule 30(b)(6) if reasonable notice is given to all parties in advance of the 30(b)(6) deposition) may only be deposed once in cases covered under this Order. Any deposition of a Witness may proceed for no more than seven hours of testimony by the side (*i.e.,* plaintiffs collectively, the WellPoint defendants collectively, or the United defendants collectively) that notices the deposition. Each deposition of a Witness taken by any side shall count toward that side's limit on number of depositions. This provision is not intended to prevent a witness designated under Rule 30(b)(6) from being separately deposed in their capacity under Rule 30(b)(1).

5. Plaintiffs shall file and serve any Consolidated Amended Complaint no later than **November 2, 2009.** The Consolidated Amended Complaint is solely for administrative purposes to facilitate coordination of pretrial proceedings, "does not constitute a determination that [the underlying] actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in

1  accordance with the Federal Rules of Civil Procedure." Manual for Complex
2  Litigation §40.21 (4th Ed. 2004).

3    6.    A RICO Case Statement, if one is required, will be filed no later
4  than **November 16, 2009.**

5    7.    The parties will produce their Rule 26(a) disclosures by **November
6  16, 2009.**

7    8.    Defendants' Initial Responsive Pleadings or Motions to Dismiss
8  will be filed no later than **December 15, 2009.**

9    9.    Plaintiffs' Oppositions to Motions to Dismiss, if any, will be filed
10 no later than **January 15, 2010.**

11    10.    Defendants' Replies to Motions to Dismiss, if any, will be filed no
12 later than **February 12, 2010.**

13    11.    A hearing on any Motions to Dismiss, if necessary, shall be held at
14 the Court's discretion after the conclusion of briefing.

15    12.    Plaintiffs' Motions for Class Certification shall be filed no later
16 than **October 15, 2010.** Opposition papers shall be filed no later than
17 **December 10, 2010** and any replies shall be submitted no later than **January
18 28, 2011.** The Court will advise the parties if a hearing or oral argument will be
19 required. If such a hearing or oral argument is held, it will be a joint hearing for
20 all Motions for Class Certification.

21    13.    No requests for production of documents, interrogatories, or
22 deposition notices shall be served before **November 13, 2009.** All requests for
23 production of documents and interrogatories shall be served on or before **July
24 12, 2010.** All discovery shall be responded to within 30 days of service, unless
25 otherwise agreed to by the parties. Discovery shall be produced on a rolling
26 basis and privilege logs shall be produced within 30 days of each production,
27 unless otherwise agreed to by the parties.

14. Absent agreement of counsel or leave of Court for good cause shown, the number of interrogatories to be served by each side *(i.e.,* Plaintiffs collectively and Defendants collectively) may not exceed 25. Interrogatory subparts shall be counted as separate interrogatories.

15. Absent agreement of counsel or leave of Court for good cause shown, the number of depositions to be taken by each side *(i.e.,* Plaintiffs collectively and Defendants collectively) shall not exceed 30. Depositions of current and former Ingenix employees shall not count towards the total number of depositions per side so long as the parties are able to coordinate so that any current or former Ingenix employee is only deposed once across all class actions challenging managed care companies' out-of-network reimbursement determinations ("OON Actions") in which any current counsel for the parties to this CMO appears and the parties are able to agree to a limit on the total number of depositions of current and former Ingenix employees across all OON Actions.

16. Fact discovery shall remain open through **February 11, 2011**.

17. Plaintiffs' expert reports in support of class certification shall be served by **October 15, 2010**. Depositions of Plaintiffs' class experts shall be completed by **November 15, 2010**. Responsive class expert reports shall be served by **December 10, 2010**. Responsive class expert depositions shall be completed by **January 7, 2011**.

18. Affirmative merits expert reports shall be served by **February 18, 2011**. Responsive merits expert reports shall be served by **March 25, 2011**. Merits expert depositions shall be completed by **April 22, 2011**.

19. The deadline for any party to file a potentially dispositive motion is **May 27, 2011**.

**[PROPOSED] CASE MANAGEMENT ORDER GOVERNING MDL PROCEEDINGS**

## V. **LOCAL RULE 23.3**

This Case Management Order and its schedule for class certification motions is intended to modify and supersede the requirements of Local Rule 23-3 concerning the filing of any class certification motion and to the extent any provision in this Order conflicts with such rule, these provisions prevail.

Dated: October 30, 2009    _____
                           Philip S. Gutierrez
                           United States District Judge