Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
**Kiesel, Boucher & Larson LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Paul O. Paradis
**Horwitz Horwitz & Paradis,
Attorneys at Law**
28 West 44th Street
16th Floor
New York, NY 10036
212-404-2200
Attorneys for Plaintiffs Diamond & Scontras

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN DIAMOND and LISA SCONTRAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TICKETMASTER ENTERTAINMENT, INC. and TICKETSNOW.COM, INC.,<br><br>Defendants. | No. CV 09-0912 ABC (JCx)<br><br>Hon. Audrey B. Collins<br>CV 09-1234 ABC (JCx)<br>CV09-1968 ABC (JCx)<br><br>**[PROPOSED] PRETRIAL ORDER NO. 1** |

[PROPOSED] PRETRIAL ORDER NO. 1

**WHEREAS**, Plaintiffs have submitted the Supplemental Stipulation Re: [Proposed] Pretrial Order No. 1;

**WHEREAS**, the Court having considered [Proposed] Pretrial Order No. 1 and found that good cause exists for the Court to enter [Proposed] Pretrial Order No. 1;

**IT IS HEREBY ORDERED AS FOLLOWS**:

**Transfer of All TicketMaster Consumer Class Actions To**
**The United States District Court for the**
**Central District of California Pursuant to 28 U.S.C. 1404(b)**

1. The following actions (the "TicketMaster Consumer Class Actions") are transferred to this Court and assigned to the Honorable Audrey B. Collins:

   a. *Diamond, et al., v. TicketMaster Entertainment, Inc. et al.*, 09-CV-912 (ABC)(C.D. Cal.) (the "*Diamond* Action");

   b. *Wenzel v. TicketMaster Entertainment, Inc.*, 09-CV-1234 (ABC) (C.D. Cal.) (the "*Wenzel* Action");

   c. *Campbell v. TicketMaster Entertainment, Inc. et al.*, 09-CV-1968 (ABC) (C.D. Cal.) (the "*Campbell* Action");

   d. *Vining et al. v. Ticketmaster Entertainment, Inc., et al.*, Case No. CV 09-02096 FLW (DEA) (the "*Vining* Action") (pending in the United States District Court for the District of New Jersey);

   e. *Smith et al. v. Ticketmaster Entertainment, Inc., et al.*, Case No. CV 09-02177, SRC (MAS) (the "*Smith* Action") (pending in the United States District Court for the District of New Jersey);

   f. *Kelly v. Ticketmaster Entertainment, Inc., et al.*, Case No. CV 09-02222, FLW (DEA) (the "*Kelly* Action") (pending in the United States District Court for the District of New Jersey);

   g. *O'Hurley v. Ticketmaster Entertainment, Inc., et al.*, No. 09-cv-10794, (the "*O'Hurley* Action") (pending in the United States District Court for the District of Massachusetts);

    h.   *Clark v. Ticketmaster Entertainment, Inc.*, No. 09-cv-0114, (the "*Clark* Action") (pending in the United States District Court for the District of Minnesota);

    i.   *Robbins v. Ticketmaster Entertainment, Inc., et al.*, No. 09-cv-00360 (the "*Robbins* Action") (pending in the United States District Court for the Middle District of North Carolina);

    j.   *Frederick v. Ticketmaster Entertainment, Inc., et al.*, No. 09-cv-10794 (the "*Frederick* Action") (pending in the United States District Court for the Eastern District of Pennsylvania).[1]

**Consolidation of All TicketMaster Consumer**
**Class Actions Pursuant to Fed. R. Civ. P. 42(a)**

2.    Each of the TicketMaster Consumer Class Actions satisfies the requirements of Fed. R. Civ. P. 42(a) because each of these Actions involve common questions of law and fact. In addition, the parties in the TicketMaster Consumer Class Actions are substantially the same. Accordingly, upon the completion of the transfer of all of the TicketMaster Consumer Class Actions to this Court, the TicketMaster Consumer Class Actions shall be consolidated for all purposes, pursuant to Fed. R. Civ. P. 42(a).

3.    Any other actions now pending or hereafter filed in this District, which arise out of the same or substantially the same facts as alleged in the above-identified cases, shall be consolidated for all purposes if, as, and when they are drawn to the Court's attention.

4.    The Opposition to Plaintiff Diamond's Motion To Consolidate, which was filed by Plaintiffs Wenzel and Campbell on June 1, 2009, is withdrawn as moot.

5.    The parties shall take all steps necessary to withdraw motions to the Judicial Panel on Multi-District Litigation to consolidate or coordinate actions.

---

[1] The *Diamond, Wenzel, Campbell, Vining, Smith, Kelly, O'Hurley, Clark, Robbins* and *Frederick* Actions are collectively referred to herein as the "TicketMaster Consumer Class Actions."

3        [PROPOSED] PRETRIAL ORDER NO. 1

**Consolidated Caption**

6.  The caption of this consolidated action shall be "*In re: TicketMaster Sales Practices Litigation*" and the files of this action shall be maintained in one file under Civ. 09 CV 912 (ABC).

**Newly Filed or Transferred Actions**

7.  When a case which properly belongs as part of *In re: TicketMaster Sales Practices Litigation* is hereafter filed in this Court, or transferred here from another Court and assigned to this Court, the Clerk of this Court shall:

   a.  Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order and direct that this Order be served upon or mailed to any new defendant(s) in the newly-filed or transferred case, or their counsel; and

   b.  Make an appropriate entry in the Master Docket for the consolidated action.

8.  This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of *In re: TicketMaster Sales Practices Litigation*.

9.  This Pretrial Order No. 1 shall apply to this Consolidated Action and to all cases subsequently filed in this Court or transferred to this Court which is related to *In re: TicketMaster Sales Practices Litigation*, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within 10 days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein, and this

Court deems it appropriate to grant such application.

**Appointment of Plaintiffs' Liaison,**
**Co-Lead Counsel and Executive Committee**

10. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firm as Plaintiffs' Interim Liaison Counsel:

> KIESEL, BOUCHER & LARSON, LLP
> 8648 Wilshire Boulevard
> Los Angeles, California 90211-2910
> Telephone: (310) 854-4444

11. Plaintiffs' Interim Liaison Counsel shall be available and responsible for communications to and from this Court, including the distribution to counsel of orders and other directions from the Court. Plaintiffs' Interim Liaison Counsel shall also be responsible for the creation and maintenance of a master service list of all parties and their respective counsel and for the dissemination of notices and orders of this Court.

12. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Plaintiffs' Interim Co-Lead Counsel:

> HORWITZ, HORWITZ & PARADIS,
> ATTORNEYS AT LAW
> New York, NY 10036
> Telephone: (212) 404-2200

> KEEFE BARTELS & CLARK, LLC
> 170 Monmouth Street
> Red Bank NJ 07701
> Telephone: (732) 224-9400

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY 10605
Telephone: (914) 517-5000

13. Plaintiffs' Interim Co-Lead Counsel shall have exclusive authority to speak for all Plaintiffs and putative class members in all matters regarding pretrial procedure and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

14. Plaintiffs' Interim Co-Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of Plaintiffs and putative class members. No motion, request for discovery, other pretrial proceedings or settlement shall be initiated or filed by any Plaintiff or counsel except through Plaintiffs' Interim Co-Lead Counsel. Neither the Plaintiffs Executive Committee nor counsel for any Plaintiff shall perform or cause to be performed work duplicative of that performed by Plaintiffs' Interim Co-Lead Counsel.

15. Defendants' counsel may rely upon all agreements made with Plaintiffs' Interim Co-Lead Counsel, and such agreements shall be binding on Plaintiffs.

16. Defendants shall effect service of papers on Plaintiffs by serving a copy of same on Plaintiffs' Interim Co-Lead Counsel by overnight mail service or hand delivery unless otherwise agreed. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service or hand delivery, unless otherwise agreed.

6  [PROPOSED] PRETRIAL ORDER NO. 1

17. The Court appoints the following firms as Plaintiffs' Executive Committee:

Finkelstein Thompson LLP (Executive Committee Chair)
100 Bush Street
Suite #1450
San Francisco, CA 94104
Telephone: (415) 398-8700

Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 618-0400

Williams Law Firm
1632 Homestead Trail
Long Lake, MN 55356
Telephone: (763) 473-0314

Haviland Law Firm, LLC
111 S. Independence Mall East
Philadelphia, PA 19106
Telephone: (215) 609-4661

Law Offices of James V. Bashian
500 Fifth Avenue – Suite 2700
New York, NY 10036
Telephone: (212) 921-4110

**Schedule**

18. Plaintiffs shall file a Consolidated Class Action Complaint ("Complaint") no later than 30 days from the date of the entry of this Order, unless otherwise agreed between the parties, which shall be deemed the operative complaint, superseding all complaints filed in this action, or any of the actions to be consolidated hereunder or in any related cases.

19. Defendants shall have 30 days after the filing and service of the Complaint to answer or otherwise respond to the Complaint and are not required to answer or otherwise respond to any prior complaint filed in any of the Consolidated Actions. In the event that defendants file any motions directed at the Complaint, counsel are to meet and confer and report to the Court with regard to an acceptable briefing and hearing schedule for such motions.

IT IS SO ORDERED:

DATED: **July 17, 2009**

_____
Honorable Audrey B. Collins
United States District Judge