UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION | Case No. 09 C 7666<br>MDL No. 2109<br>Honorable Joan B. Gottschall |
| THIS DOCUMENT RELATES TO ALL CASES | |

ORDER REGARDING
PRESERVATION OF DOCUMENTS, ELECTRONICALLY
STORED INFORMATION, AND OTHER TANGIBLE ITEMS

This Stipulated Agreement Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items ("Agreement") shall govern the parties in the above-captioned MDL Proceedings ("Action").[1]

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), all plaintiffs and defendants in this Action (collectively, "Parties," or "Party," if referred to in the singular), by their respective counsel of record, stipulate to the following preservation obligations in this litigation:

    A. Until a Preservation Plan is entered pursuant to paragraph K, *infra*, all Parties and their counsel are reminded of and shall comply with their duty to take reasonable steps to preserve documents, ESI, and tangible objects that may be relevant to this action. This duty to preserve extends to documents, ESI, and tangible objects in the possession, custody, and control of the Parties to this Action and any

---

[1] The Parties agree that entry into this Agreement shall not constitute a waiver of any defenses by any of the undersigned Defendants including, but not limited to, the defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, or improper venue. The undersigned Defendants expressly reserve their rights to raise any such defenses.

Party's employees or agents who could reasonably be expected to possess materials that could reasonably be expected to be the subject of discovery in this Action ("Custodian(s)"). This preservation obligation also extends to any subsidiary in which a Party holds more than a 50% interest or to any successor of a Party if that subsidiary or successor is involved in the business of manufacturing, selling, or purchasing Plasma-Derivative Protein Therapies in the United States, including, but not limited to, immune globulin ("Ig") and albumin. The parties agree to preserve all documents and tangible things in their original condition and all ESI in Native Format. Nothing in this Agreement is intended to alter any obligations imposed by the Federal Rules of Civil Procedure. Nothing herein relieves a party from its obligations under paragraph F (below).

B. "Native Format" means the file format defined by the application in which ESI has been created, viewed, and/or modified.

C. "Documents, electronically stored information, and tangible things" is synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a).

D. "Preservation" is to be interpreted in accordance with the Federal Rules of Civil Procedure to accomplish the goal of maintaining the integrity of all documents, ESI, and tangible things reasonably anticipated to be the subject of discovery under the Federal Rules of Civil Procedure in this Action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

E. The Parties agree that for purposes of this Agreement their preservation obligations apply to documents, ESI, and other tangible things (in the Parties' current custody or control) dating from the time period commencing January 1, 2002 and continuing through the conclusion of this Action, except that with

respect to electronic transactional data, the time period for preservation shall be from January 1, 2001 through the conclusion of this Action.

F. The Parties must take reasonable steps to preserve relevant documents in their original condition and ESI in Native Format. Such steps include, without limitation:

1. Taking reasonable steps to identify all Custodians;

2. Directing Custodians and appropriate IT personnel with possession, custody, and/or control over relevant documents and ESI to take reasonable steps to preserve potentially relevant information, both pre-existing and newly created, including, but not limited to, the preservation of such information stored locally on computer hard drives; on external media such as flash drives, external hard drives, and optical disks; and contained in third-party email accounts;

3. Taking reasonable steps to preserve, in Native Format, all pre-existing and newly created active files from electronic data sources that contain data that is within the scope of this Agreement (including the oldest known complete backup of all files not substantially duplicative of material available elsewhere);

4. Taking reasonable steps to preserve any existing transcripts or text files reflecting relevant contents of any voicemail systems owned by the Party;

5. Taking reasonable steps to preserve all security keys, encryption/decryption information, and policies that exist or are related to any data contemplated by this Agreement for the sole purpose of accessing the data; and

6. Taking reasonable steps to preserve all potentially relevant documents and ESI already collected and preserved pursuant to preservation

3

      obligations in other potential or actual litigation(s) involving claims relating to the production, distribution or sale of Plasma Derivative Protein Therapies in the United States including, but not limited to, Ig and albumin.

G. Notwithstanding any other provision of this Agreement, persons may generate business documents without preserving dictation, drafts, interim versions, or other temporary compilations of information if such documents would not have been preserved in the ordinary course of business. A Party, after reasonable investigation, need not preserve information electronically stored on servers, hard drives, or similar locations not reasonably likely to contain information within the scope of this Agreement, unless such Party has reason to believe that a specific location may contain relevant information.

H. Provided that a Party take reasonable steps to comply with this Agreement, the Parties will not seek sanctions on a Party for failing to provide ESI lost inadvertently or as a result of the routine, good-faith operation of an electronic information system.

I. By agreeing to preserve information in accordance with the terms of this Agreement, the Parties do not waive any objection to the relevance, discovery, admissibility, or format of production of any document, ESI, or other tangible object. In particular, the Parties agree that by preserving any document, ESI, or other tangible object, a Party to this agreement does not concede that such document, ESI, or other tangible object is relevant, discoverable, or admissible, and no Party hereto shall use the fact of such preservation in support of an argument that such document, ESI, or other tangible object is relevant, discoverable, or admissible.

J. The Parties agree to make best efforts to meet and confer no later than 30 days after either the date of this Order or the appointment of Plaintiffs' Steering Committee (whichever occurs later). In these meet-and-confer discussions, the

4

Parties should attempt to reach agreement on all issues regarding the preservation of documents, ESI, and tangible things not already addressed by this Agreement. These issues include, but are not necessarily limited to:

1. The extent of the preservation obligation, including the types of material to be preserved, the subject matter, time frame, and Custodians;

2. The identification of persons responsible for carrying out preservation obligations on behalf of each Party;

3. The form and method of providing notice of the duty to preserve to persons identified as Custodians;

4. Mechanisms for monitoring, certifying, or auditing Custodian compliance with preservation obligations;

5. Whether preservation will require suspending or modifying any routine business processes or procedures, with special attention to document-management programs and the recycling of computer data storage media;

6. The methods to preserve any volatile but potentially discoverable material, such as voicemail, active data in databases, electronic messages, and non-duplicative ESI stored in handheld devices;

7. The anticipated costs of preservation and ways to reduce or share these costs;

8. A mechanism to review and modify the preservation obligation as discovery proceeds, eliminating or adding particular categories of documents, ESI, and tangible things;

9. The initial search formats and terms to be used when identifying and retrieving ESI for preservation and/or production; and

          10. The format and protocols for production of ESI.

   K. The Parties shall present their proposed stipulation(s) regarding the subjects listed in paragraph J. to the Court no later than 30 days after the commencement of meet-and-confer discussions, or such other date as agreed to by the Parties. If the Parties do not reach agreement on these subjects or on other material aspects of preservation, the Parties shall also submit to the Court a statement of the unresolved issues together with each Party's proposal for their resolution of the issues. The Court's resolution of such issues, together with the Parties' proposed stipulations, if any, shall constitute the Preservation Plan for this Action.

ACCEPTED AND AGREED TO this 3rd day of March, 2010.

**ON BEHALF OF DEFENDANTS CSL LIMITED AND CSL BEHRING LLC**

/s/ Robin J. Elowe
Jeffrey T. Gilbert
Robin J. Elowe
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: (312) 207-1000
E-mail: jgilbert@reedsmith.com
relowe@reedsmith.com

Kevin J. Arquit
Joseph F. Wayland
Aimee H. Goldstein
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
E-mail: karquit@stblaw.com
jwayland@stblaw.com
agoldstein@stblaw.com

**ON BEHALF OF DEFENDANT BAXTER INTERNATIONAL INC.**

/s/ David J. Zott
David J. Zott, P.C.

Daniel E. Laytin
KIRKLAND & ELLIS
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
E-mail: david.zott@kirkland.com
danel.laytin@kirkland.com

**ON BEHALF OF DEFENDANT PLASMA PROTEIN THERAPEUTICS ASSOCIATION**

/s/ Thomas E. Gilbertsen
Thomas E. Gilbertsen
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
Telephone: (202) 342-8525
Email: tgilbertsen@kelleydrye.com

Stephen Wood
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606
Telephone: (312) 857-7070
Email: swood@kelleydrye.com

**ON BEHALF OF PLAINTIFFS**[2]

/s/ Richard A. Koffman
Daniel A. Small
Kit A. Pierson
Richard A. Koffman
Benjamin D. Brown
Christopher J. Cormier
Emmy L. Levens
COHEN MILSTEIN SELLERS & TOLL PLLC

---

[2] Pemiscot Memorial Hospital, The University of Utah, Allen Memorial Hospital Corporation, The Finley Hospital, Trinity Regional Medical Center, Northwest Iowa Hospital Corporation d/b/a St. Luke's Regional Medical Center, St. Luke's Methodist Hospital, Hospital Damas Inc., Community Medical Center Healthcare System, Hospital Del Maestro, Hospital Dr. Pila, Hospital Episcopal Cristo Redentor, Inc., Mennonite General Hospital, Inc., Ravi Patel, M.D., Inc. d/b/a Comprehensive Blood and Cancer Center, Detroit Medical Center, Solaris Health Systems Inc., MAK Medical, LLC, Barnes Drug Stores of Valdosta, Inc., and Mayo Clinic.

1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
E-mail: dsmall@cohenmilstein.com
kpierson@cohenmilstein.com
rkoffman@cohenmilstein.com
bbrown@cohenmilstein.com
ccormier@cohenmilstein.com
elevens@cohenmilstein.com

Seth R. Gassman
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street
Thirteenth Floor
New York, NY 10022
Telephone: (212) 838-7797
E-mail: sgassman@cohenmilstein.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
E-mail: cgildencohenmilstein.com

**THE FOREGOING IS SO ORDERED.**
Dated: **MAR 18 2010**

_____
Hon. Joan B. Gottschall
United States District Judge