**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION** | ) ) ) ) | No. 09 C 7666 |
| COUNTY OF SAN MATEO, on behalf of itself and all others similarly situated, | ) ) ) ) | No. 11 C 1468 |
| Plaintiffs | ) ) | Judge Joan B. Gottschall |
| vs. | ) ) ) | Magistrate Judge |
| CSL LIMITED; CSL BEHRING LLC; CSL PLASMA; BAXTER INTERNATIONAL INC.; and THERAPEUTICS ASSOCIATION, | ) ) ) ) ) | Arlander Keys |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on a request by the parties for a ruling as to whether a particular document is protected by the attorney-client privilege. For the reasons explained below, the Court finds that it is not.

**<u>Discussion</u>**

Generally, at a deposition, if an attorney does not like a line of questions being asked of his client, he notes his objection for the record, but the deponent must still respond. Under Federal Rule of Civil Procedure 30(c)(2), an attorney may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Here, the parties dispute

the privileged nature of a document that everyone agrees will be introduced at the deposition of Mary Kay Ladone, Baxter's Corporate Vice President of Investor Relations, scheduled to proceed later today. The document is identified by Bates numbers BAX_PL 00091906 through BAX_PL 00091908 and consists of an email and an attachment outlining Baxter's then "key messages on Plasma Proteins." The parties have asked the Court to rule on the privilege issue to save time and the expense of having to terminate and reconvene the deposition.

As the party asserting attorney-client privilege, Baxter has the burden of establishing all of the essential elements: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *E.g., U.S. v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997). Because Baxter is a corporation, the privilege applies to communications: a) made by employees to counsel at the direction of corporate superiors; b) in order to secure legal advice; c) concerning matters within the scope of the employees' corporate duties; d) where the employees themselves were aware they were being questioned in order that the corporation could obtain legal advice; and e) the communications were kept

2

confidential since the time they were made. *Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981).  For the privilege to apply, "the purpose of the communication must be the  obtaining or providing of legal advice, not a business discussion"; "[t]he principal consideration is the nature of the document: whether it primarily requests or gives legal or business advice. *Baxter Travenol Labs., Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919, at *5 (N.D. Ill. June 19, 1987).  "Thus, the privilege does not apply to an e-mail 'blast' to a group of employees that may include an attorney, but where no request for legal advice is made and the input from the attorney is business-related and not primarily legal in nature." *Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. 2012).

Baxter has argued that the document is privileged, and to support its claim it has offered a declaration from Ms. Ladone explaining that the attachment, written by her, was "a draft set of key messages for an upcoming investor conference."  Ladone Dec., ¶4.  Ms. Ladone states that she wrote the document "in response to an earlier communication by Ms. Lichtenstein [Baxter's General Counsel at the time] requesting a legal review of Baxter's communications for the upcoming investor conference." *Id.*, ¶5.  She further states that she wrote the email and the attachment "for the purpose of seeking legal advice from and discussing legal issues with senior in-house counsel about the

messages we could convey to investors at the upcoming conference." *Id.*, ¶6. But this purpose is not apparent from the face of the document or the email. On its face the document appears to be drafted and circulated for primarily a business purpose – namely, to get all the potential players on the same page as to how to respond to inquiries at the upcoming investor conference. There is nothing in the body of the email or the document – other than the inclusion of lawyers on the distribution list – to suggest that Ms. Ladone was soliciting legal advice. Ms. Ladone's self-serving declaration, drafted more than five years after the fact, is not enough to trigger a privilege that clearly did not exist when the document was created.

Additionally, although it is unclear whether the "earlier communication" Ms. Ladone references is the email from Ms. Lichtenstein that appears on the bottom of page BAX_PL 00091906, that email is consistent with the Court's view of the nature of the document. Although written by an attorney, it does not seek or provide legal advice and seems instead to invite a discussion about plasma supply and pricing to ensure that everyone involved was reading from the same script. Despite Ms. Ladone's declaration, the Court finds that the document in dispute was written primarily for a business purpose, not a legal purpose, and it is, therefore, not protected by the attorney-client

4

privilege.

In addition to challenging the privilege designation, the plaintiffs argue that, to the extent the document ever was privileged, Baxter waived the privilege when it produced the document to the FTC in response to a Civil Investigative Demand. Certainly, the law supports this argument. *See, e.g., Baxter*, 1987 WL 12919, at *5 ("Where, however, confidentiality of a document is not maintained, the privilege is lost."). Baxter argues that production was inadvertent. Given its finding that the document is not protected by privilege, the Court need not reach the question of waiver and makes no finding in this regard today.

**Conclusion**

For the reasons set forth above, the Court finds that the document identified with Bates numbers BAX_PL 00091906 through BAX_PL 00091908 is not protected by the attorney-client privilege.

Dated: November 7, 2012

E N T E R E D:

_____
ARLANDER KEYS
United States Magistrate Judge